J-S57040-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| PERRY BRISBON | |
| Appellant | No. 642 EDA 2014 |

Appeal from the Judgment of Sentence entered February 4, 2014
In the Court of Common Pleas of Delaware County
Criminal Division at No: CP-23-CR-0005269-2013

BEFORE:  DONOHUE, MUNDY, and STABILE, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED OCTOBER 29, 2014**

Perry Brisbon was convicted of theft by unlawful taking.  He appeals from the judgment of sentence, contending the trial court erred in permitting amendment of the criminal information on the day of trial, changing the charge against him from a first-degree misdemeanor to a third-degree felony.  Finding no abuse of discretion, we affirm.

The Commonwealth charged Brisbon and his wife, Marquita Wiley with theft by unlawful taking of movable property[1] and related crimes for stealing

---

[1] "A person is guilty of theft if he unlawfully takes, or exercises unlawful control over, movable property of another with intent to deprive him thereof."  18 Pa.C.S.A. § 3921(a).  Theft by unlawful taking is a third-degree felony if the amount involved is over $2,000.00.  **Id.** § 3903(a.1).  Otherwise, and absent exceptions not relevant here, theft by unlawful taking is a first-degree misdemeanor.  **Id.** § 3903(b).

appliances and fixtures from their former landlord following their eviction. At the preliminary hearing, the magisterial district judge refused to grade the theft charges as felonies of the third degree, even though the victim testified that the value of the stolen objects was between $3,000.00 and $5,000.00.[2] The day before trial, the Commonwealth provided Brisbon and Wiley with a list prepared by the victim stating the value of the objects stolen was $4,505.50. On the morning of trial, the Commonwealth moved to amend the information to change the grading of the theft charges from first-degree misdemeanors to third-degree felonies. Over Brisbon's and Wiley's objections, the trial court granted the motion. Following a joint nonjury trial, the court convicted Brisbon of theft, and acquitted Wiley of all charges. On February 4, 2014, the trial court sentenced Brisbon to three to twelve months in jail, followed by two years of probation. This appeal followed.

On appeal, Brisbon raises the following issue:

Whether the trial court erred in permitting the Commonwealth to amend the theft by unlawful taking – movable property charge from a misdemeanor (M1) to a felony [of] the third degree (F3) on the day of trial?

Appellant's Brief at 5 (all-capitalization font removed).

_____

[2] In their briefs, both parties reference the transcript of the preliminary hearing, but it is not a part of the certified record.

We review a decision regarding the amendment of an information for an abuse of discretion. *See Commonwealth v. Bricker*, 882 A.2d 1008, 1021 (Pa. Super. 2005). "An abuse of discretion is not merely an error of judgment, but is rather the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence of record." *Commonwealth v. Williams*, 91 A.3d 240, 242 (Pa. Super. 2014) (*en banc*) (quotation omitted).

Having reviewed the record and relevant legal authority, we hold that the trial court did not abuse its discretion in permitting the Commonwealth to amend the criminal information. Furthermore, we find that the opinion of the Honorable James P. Bradley adequately disposes of this appeal. Briefly, Judge Bradley found that Brisbon was on adequate notice that the value of property taken exceeded $2,000.00, and the amendment did not change the underlying factual scenario. Trial Court Opinion, 4/15/14, at 3-6. Judge Bradley additionally found that Brisbon failed to show that he was prejudiced by the amendment.[3] Therefore, we adopt Judge Bradley's opinion as our own, attach it to our decision, and direct that it be attached to any further filings in this case. The judgment of sentence is affirmed.

Judgment of sentence affirmed.

---

[3] We also note that Brisbon did not request a continuance after the trial court granted the motion to amend.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>10/29/2014</u>

**IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY, PENNSYLVANIA**
**CRIMINAL DIVISION**

| | | |
|---|---|---|
| **COMMONWEALTH OF PENNSYLVANIA** | : | **CP-23-CR-5269-2013** |
| | : | |
| **vs.** | : | |
| | : | |
| **Perry Brisbon** | : | |
| | : | |

**Eileen Courtney, Esquire, on behalf of the Commonwealth**
**Walter J. Weinrich, Esquire, on behalf of the Defendant**

## O P I N I O N

**Bradley, J.**                                  **FILED:** 4/15/2014

After a non-jury trial Defendant, Perry Brisbon, was found guilty of theft by unlawful taking,[1] a third-degree felony. On February 4, 2014 a sentence of three to twelve months of incarceration to be followed by two years of probation was imposed. The minimum sentence is to be served in fifteen consecutive weekends followed by sixty days on electronic home monitoring. On February 25, 2014 Defendant filed a timely Notice of Appeal, necessitating this Opinion.

---

[1] 18 Pa.C.S.A. 3921. "A person is guilty of theft if he unlawfully takes, or exercises unlawful control over, movable property of another with intent to deprive him thereof." Theft by unlawful taking is a felony of the third degree if the amount involved exceeds $2,000. 18 Pa.C.S.A. § 3903(a.1).

1

Briefly, the facts that support Defendant's conviction follow. Defendant and his wife and co-defendant, Marquita Wiley[2] were tenants in a residential apartment owned by the victim/landlord. The rental agreement gave the tenants access to a first floor unit and an attic. The victim used the basement for storing his own property. On September 1, 2011 the Defendant was served with an eviction notice directing him to vacate the apartment by September 7, 2011. After a rain storm, on September 5, 2011 the victim and an associate went to the property to see whether sump pumps in the basement were functioning. The Defendant would not let the victim onto the property. The Yeadon Borough police were called and eventually the victim was allowed into the basement. Satisfied that the pumps were working properly, he left the property. The next time the victim entered the property was on September 9, 2011, after the Defendant and his family had moved and vacated. Upon entering, the victim immediately noticed that the refrigerator had been removed. Further inspection revealed that six cast iron radiators had been disconnected and removed from the rental unit. Missing from the basement were two previously functioning sump pumps, aluminum, ten electrical heaters, metal shelving, metal kitchen cabinets, heating repair parts and a fifteen-speed bicycle. At times Defendant worked as a metal scavenger. Only the Defendant, his wife and the victim had keys to the property. There was no sign of a break in or forced entry.

In a Concise Statement of Errors Complained of on Appeal Defendant claims that the Court erred by allowing the Commonwealth to amend the Information raising the grade of this theft from a first-degree misdemeanor to a third-degree felony. Defendant claims that he

---

[2] Defendant and Marquita Wiley were tried jointly. At the conclusion of trial Ms. Wiley was found not guilty.

2

was prejudiced by this amendment because he was not afforded a preliminary hearing and the opportunity to conduct pre-trial discovery.

On December 19, 2013, before trial began the Commonwealth moved to amend the Informations and represented that at the preliminary hearing the victim testified that the damage incurred was between $3,000.00 and $5,000.00. N.T. 12/19/13 p. 4. The victim did not however, produce receipts corroborating his testimony and the charge was held for court as a first-degree misdemeanor. After the preliminary hearing the Commonwealth provided an itemized list of the items stolen or lost, including values. This list included the value of the property Defendant took from the residence and the cost of repairs: a total of $4,505.50. It was provided to trial counsel before trial began and was offered into evidence by the Commonwealth as Exhibit C-1 at trial. The Commonwealth's motion was granted over trial counsel's objection. Defendant did not move to continue trial.

Pennsylvania Rule of Criminal Procedure 564, Amendment of Information, provides:

> The court may allow information to be amended when there is a defect in form, the description of the offense(s), the description of any person or any property, or the date charged, provided the information as amended does not charge an additional or different offense. Upon amendment, the court may grant such postponement of trial or other relief as is necessary in the interests of justice.

The purpose of this rule "is to ensure that a defendant is fully apprised of the charges, and to avoid prejudice by prohibiting the last minute addition of alleged criminal acts of which the defendant is uninformed." Commonwealth v. Mentzer 18 A.3d 1200, 1202 (Pa. Super. 2011) quoting Commonwealth v. Sinclair, 897 A.2d 1218, 1221 (Pa.Super. 2006). "[O]ur courts apply the rule with an eye toward its underlying purposes and with a commitment to do

3

justice rather than be bound by a literal or narrow reading of the procedural rules." Upon amendment the court may grant a continuance of trial or other relief as is necessary in the interests of justice.

The Affidavit of Probable Cause attached to the Criminal Complaint includes all of the relevant facts concerning the incident that gave rise to a third-degree felony charge of theft by unlawful taking. The stolen items are listed in detail and at the preliminary hearing the victim testified that the value of his loss was between three and five thousand dollars. The Defendant was fully apprised of the factual scenario supporting the offense and of the elements of that offense and in fact he had notice that the value of the stolen property exceeded $2,000.00.

In Commonwealth v. Melzter, 18 A.3d 1200 (Pa.Super. 2011) the court set forth the factors which the trial court must consider in determining whether an amendment is prejudicial:

> (1)whether the amendment changes the factual scenario supporting the charges; (2) whether the amendment adds new facts previously unknown to the defendant; (3) whether the entire factual scenario was developed during a preliminary hearing; (4) whether the description of the charges changed with the amendment; (5) whether a change in defense strategy was necessitated by the amendment; and (6) whether the timing of the Commonwealth's request for amendment allowed for ample notice and preparation.

Id. at 1203. The *Meltzer* court emphasized: "the mere possibility amendment of information may result in a more severe penalty ... is not, of itself, prejudice." Id. Each of the foregoing factors militates in favor of amendment in this case. The factual scenario that gave rise to

4

the charges and the description of the charges were not changed by the amendment. The defense offered at trial was simply argument: it was suggested that others had access to the property and that Defendant did not take the property. This strategy was unaffected by the amendment. The claim that Defendant was precluded from pre-trial discovery concerning the value of the victim's losses does not warrant a contrary conclusion. Defendant did not request a continuance and cannot claim prejudice on this basis. See Commonwealth v. Beck, 78 A.3d 656 (Pa.Super. 2013).

Finally, in his 1925(b) statement Defendant claims that he was "precluded from participating in a preliminary hearing addressing the itemized list of damages." This matter was not raised before the trial court. Accordingly, it is waived. See Pa.R.A.P. 302(a). See also Commonwealth v. Rush, 959 A.2d 945 (Pa. Super. 2008) (particular legal theory must be raised before trial court for appellate review). Additionally, the prejudice alleged is unclear. "The principal function of a preliminary hearing is to protect an individual's right against an unlawful arrest and detention." Commonwealth v. Weigle, 997 A.2d 306, 311 (Pa. 2010). At the preliminary hearing the Commonwealth presented a *prima facie* case of *inter alia* theft by unlawful taking, and with this burden met, Defendant's right to be free from an unlawful arrest and detention was protected.

Defendant suffered no prejudice and the court did not err in granting the Commonwealth's motion. See also Commonwealth v. Beck, 78 A.3d 656 (Pa.Super. 2013); Commonwealth v. Jones, 466 A.2d 691 (Pa.Super. 1983) (no error where Information was amended to charge pecuniary loss of $5,000, where originally loss charged was $500.00;

5

defendant suffered no prejudice). In light of the foregoing it is respectfully submitted that judgment of sentence should be affirmed.

BY THE COURT:

James P. Bradley,                 J.

FILED

2014 APR 15 PM 2: 12

OFFICE OF
JUDICIAL SUPPORT
DELAWARE CO. PA

6