J-S27020-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF<br>PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| PATRICIA DODSON | : | |
| | : | |
| Appellant | : | No. 1787 EDA 2017 |

Appeal from the Judgment of Sentence May 12, 2017
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0004936-2015

BEFORE:  SHOGAN, J., LAZARUS, J., and DUBOW, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED MAY 29, 2018**

Patricia Dodson appeals from the judgment of sentence, entered in the

Court of Common Pleas of Delaware County, following her conviction of two

counts of possession of a controlled substance with intent to deliver (PWID)

(cocaine/heroin).[1]  On appeal, Dodson claims the evidence was insufficient to

support the convictions because the Commonwealth did not prove she

constructively possessed any controlled substances.  After our review of the

record, the parties' briefs and the relevant law, we find Dodson's claim is

meritless, and we affirm judgment of sentence based on the opinion authored

by the Honorable Gregory M. Mallon.

After conducting surveillance and executing a search warrant on 209

West Parkway Avenue, in the city of Chester, Delaware County, Detective

---

[1] 35 P.S. § 780-113(a)(30).

Michael Honicker, of the Delaware County Criminal Investigations Division, seized a quarter-pound of cocaine (107 grams) and a 20-gram block of heroin, as well as drug paraphernalia used to process, package and sell the drugs. At trial, Detective Honicker testified that after conducting surveillance of the residence over five days he developed Dodson as a suspect. He testified that the drugs were found in a bedroom containing female clothing and mail addressed to Dodson at the 209 West Parkway Avenue address. He also testified that the location matched Dodson's address on records from the Pennsylvania Department of Transportation and the Social Security Administration.

We address Dodson's sufficiency of the evidence challenge, mindful that our standard is to

> determine if the Commonwealth established beyond a reasonable doubt each of the elements of the offense, considering all the evidence admitted at trial, and drawing all reasonable inferences therefrom in favor of the Commonwealth as the verdict-winner. The trier of fact bears the responsibility of assessing the credibility of the witnesses and weighing the evidence presented. In doing so, the trier of fact is free to believe all, part, or none of the evidence.

*Commonwealth v. Newton*, 994 A.2d 1127, 1131 (Pa. Super. 2010) (quoting *Commonwealth v. Pruitt*, 951 A.2d 307, 313 (Pa. 2008)) (citations omitted). The Commonwealth may sustain its burden by means of wholly circumstantial evidence, and we must evaluate the entire trial record and consider all evidence received against the defendant. *Commonwealth v. Markman*, 916 A.2d 586, 598 (Pa. 2007).

The crime of possession of a controlled substance with intent to deliver requires the Commonwealth to prove that Dodson possessed the controlled substance with the intent to manufacture, distribute, or deliver it. *See* 35 P.S. § 780–113(a)(30). *See also Commonwealth v. Marquez*, 980 A.2d 145, 148 (Pa. Super. 2009) (en banc). Further, where more than one person has equal access to the contraband, the Commonwealth must present evidence showing either defendant's participation in the drug-related activity, *or evidence connecting defendant to the specific room or area where the contraband was kept.* *Commonwealth v. Bricker*, 882 A.2d 1008 (Pa. Super. 2005). Here, the Commonwealth established, beyond a reasonable doubt, Dodson's connection to the residence and the specific room in which the contraband was found.

We affirm Dodson's judgment of sentence based on Judge Mallon's opinion. *See* Trial Court Opinion, 10/10/17, at 2-8. We direct the parties to attach a copy of that opinion in the event of further proceedings.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/29/18