J-A08027-18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | No. 71 EDA 2017 |
| WILLIE A. WILLIAMS, | : | |
| | : | |
| Appellee | : | |

Appeal from the Order November 29, 2016
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-0009535-2015

BEFORE:    PANELLA, J. LAZARUS, J., and STRASSBURGER,* J.

DISSENTING MEMORANDUM BY STRASSBURGER, J.:

I find that the Commonwealth presented sufficient evidence at Williams's bench trial to sustain his convictions for possession with intent to deliver and conspiracy. Because the trial court erroneously re-evaluated that evidence when it granted Williams's motion for arrest of judgment, I would reverse the trial court's order. Furthermore, I find that the Majority failed to review the evidence in the light most favorable to the Commonwealth as the verdict winner. Accordingly, I respectfully dissent.

In affirming the trial court's order, the Majority concludes that the evidence was insufficient to establish constructive possession because the Commonwealth did not prove "either defendant's participation in the drug-related activity, or evidence connecting defendant to the specific room or area

_____
*Retired Senior Judge assigned to the Superior Court.

where the contraband was kept." Majority at 7, *citing Commonwealth v. Bricker*, 882 A.2d 1008 (Pa. Super. 2005). However, when viewed in the light most favorable to the Commonwealth, I find that the Commonwealth proved both participation in the controlled buy, and a connection to the specific area where the crack cocaine was kept. Thus, I agree with the Commonwealth that the evidence presented at trial was sufficient to establish that Williams "helped his co-conspirator Daniel Simons sell crack cocaine to a confidential informant[,]" Commonwealth's Brief at 8, and would reverse the trial court's order.

The evidence presented at trial established that a confidential informant conducted three controlled buys of crack cocaine at the home of Daniel Simons, and following the third controlled buy, officers executed a search warrant on the home, finding Williams inside.

Specifically, the second controlled buy occurred on September 1, 2015. The confidential informant spoke with Simons outside the home, and handed Simons pre-recorded buy money. Simons made a phone call, and shortly thereafter, a Buick parked in front of the house. Simons and the confidential informant walked over to the Buick. At the same time, Williams exited the home and entered the Buick. After a few moments, Williams exited the vehicle. Then, Williams, Simons, and the confidential informant walked into the home together. Within minutes the confidential informant left the home alone, and turned over a chunk of crack cocaine to the surveillance team. ***See***

- 2 -

Trial Court Opinion, 2/27/2017, at 2; N.T., 4/29/2016, at 17-18. This evidence was sufficient to establish that Williams participated in the second controlled buy.

The next day, on September 2, 2015, the confidential informant conducted a third controlled buy. On this occasion, the confidential informant knocked on the door of Simons's home, and Simons invited him inside. After a few moments, the confidential informant left the home and turned over two purple packets of crack cocaine. Within minutes, the surveillance team executed a search warrant on the home. N.T., 4/29/2016, at 20-21.

Immediately prior to entering the home, Officer Weaver observed a white substance falling from the Styrofoam around the air conditioning unit in the window of the second floor rear bedroom, and observed a hole suddenly appear in the Styrofoam. Recognizing that someone was trying to hide something in the Styrofoam casing, Officer Weaver proceeded straight to that second floor rear bedroom, where Williams was found. Officer Weaver recovered a stash of 16 purple packets of crack cocaine from the Styrofoam casing. The confidential informant had turned over similar purple packets of crack cocaine following the first and third controlled buys. During the search, officers also recovered pre-recorded buy money and Williams's identification cards underneath the mattress in the second floor rear bedroom. N.T., 4/29/2016, at 16, 20-22, 24, 30-31, 37, 42-43. I find that this circumstantial evidence was sufficient to prove that Williams was exerting control over the

purple packets of cocaine at the time of the search warrant, and that Williams participated in the third controlled buy which occurred moments before he hid the same purple packets of cocaine.

Accordingly, I would reverse the trial court's order.