J-S29039-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LARRY J. DEAN | : | |
| | : | |
| Appellant | : | No. 1388 WDA 2023 |

Appeal from the PCRA Order Entered October 25, 2023
In the Court of Common Pleas of Jefferson County Criminal Division at
No(s): CP-33-CR-0000571-2017

BEFORE:  DUBOW, J., KING, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:          **FILED: September 12, 2024**

Appellant, Larry J. Dean, appeals from the post-conviction court's October 25, 2023 order denying his timely-filed petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  After careful review, we affirm.

We glean the following facts from the record and our disposition of Appellant's appeal from his judgment of sentence.  *See Commonwealth v. Dean*, No. 667 WDA 2018, unpublished memorandum (Pa. Super. filed Sept. 26, 2019).  "Appellant was arrested on August 2, 2017, in connection with a Pennsylvania State Police investigation that began in 2016 and involved the shipment of methamphetamines from Arizona to Pennsylvania."  *Id.* at *2. According to Appellant, he was arrested "at the Mayport Post Office picking up a package.   The substance in the package field tested positive for

methamphetamine, but it was not tested using GC/MS."[1]  Appellant's Brief at 3.  Appellant was one of many individuals arrested in this drug trafficking ring.

Appellant was charged with numerous offenses.  His jury trial took place in March of 2018.  At the close thereof, the jury convicted Appellant of two counts of corrupt organizations, 18 Pa.C.S. § 911(b)(3); two counts of criminal conspiracy to engage in corrupt organizations, 18 Pa.C.S. § 911(b)(4); sixteen counts of delivery of a controlled substance, 35 P.S. § 780-113(a)(30); and two counts of possession with intent to deliver a controlled substance, 35 P.S § 780-113(a)(30).  On April 9, 2018, he was sentenced to an aggregate term of 65 to 193 years' incarceration.  Appellant timely appealed, and after this Court affirmed his judgment of sentence, our Supreme Court denied his petition for allowance of appeal.  ***See Commonwealth v. Dean***, 221 A.3d 1292 (Pa. Super. 2019) (unpublished memorandum), *appeal denied*, 228 A.3d 889 (Pa. 2020).

On July 14, 2020, Appellant filed a *pro se* petition for writ of *habeas corpus*.  On October 2, 2020, the court filed an order stating that Appellant's petition for writ of *habeas corpus* would be considered his first PCRA petition. The court appointed an attorney to represent him.  However, Appellant continued to file *pro se* documents, including a PCRA petition on October 19,

---

[1] Appellant provides no definition for "GC/MS" testing.  Our research reveals that this acronym stands for gas chromatography/mass spectrometry.  ***See*** Shawn E. McNeil, Drug Testing, National Library of Medicine (July 29, 2023), https://www.ncbi.nlm.nih.gov/books/NBK459334/ (last visited Aug. 21, 2024).

2020, a "Motion to Compel" on November 15, 2021, an amended PCRA petition on December 31, 2021, and a "Motion for Withdraw of Court Appointed Counsel and of New Counsel" on January 4, 2022. He also filed *pro se* notices of appeal on July 18th and July 28th of 2022, despite that no ruling on his PCRA petition had yet been issued by the court. This Court ultimately quashed Appellant's premature appeals.

On July 7, 2023, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition without a hearing. After a change in Appellant's counsel, his new attorney filed a "Motion for Leave to File an Amended PCRA Petition," which the court subsequently granted. Appellant's counseled, amended petition was filed on July 24, 2023. On October 25, 2023, the PCRA court issued an order and opinion denying Appellant's petition.

Appellant filed a timely notice of appeal, and he complied with the PCRA court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The court filed a Rule 1925(a) opinion indicating it was relying on the reasons set forth in its October 25, 2023 opinion to support its denial of Appellant's petition.

Herein, Appellant does not present a Statement of the Questions Involved that "state[s] concisely the issues to be resolved, expressed in the terms and circumstances of the case but without unnecessary detail." Pa.R.A.P. 2116(a). Instead, he presents a two-page discussion that essentially is a summary of his argument. **See** Appellant's Brief at 1-3. In light of Appellant's failure to set forth a clear and concise statement of the

issues he raises on appeal, we could deem his claims to be waived. ***See Commonwealth v. Hardy***, 918 A.2d 766, 771 (Pa. Super. 2007) ("[W]hen defects in a brief impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived.") (citations omitted). However, because we can sufficiently discern, and meaningfully review, Appellant's issues from the argument portion of his brief, we will not deem his claims waived.

First, Appellant contends that his trial counsel was ineffective for failing to "require the prosecution to prove [that] the substance in the parcel" Appellant possessed at the time of his arrest "was crystal methamphetamine by instrumentation known as GC/MS." Appellant's Brief at 3-4. According to Appellant, the substance in that parcel was only field tested, which was inadequate to confirm that it was crystal methamphetamine. ***Id.*** at 4. He also claims that the arresting police officer "falsely testified that he could identify crystal methamphetamine by looking at it[,] which is impossible." ***Id.*** at 7. Appellant insists that, instead, the only way to prove a substance is crystal methamphetamine is through GC/MS testing. In support of this position, Appellant avers that "Cindy Vitale, the Senior [Drug Enforcement Agency] Chemist, and recognized expert in the manufacture of crystal methamphetamine, testified in a federal district court case that it is not possible to detect crystal methamphetamine from a substance that is not controlled[,] such as isopropyl dimethyl sulfate[,] unless [the chemist] conducted GC/MS testing via instrumentation consisting of gas column

chromatography and mass spectrometry." *Id.* at 6-7. Thus, Appellant insists that "[t]he scientific testing was essential to prove the substance was crystal methamphetamine[,]" and his trial counsel's failure to demand such testing constituted ineffective assistance.

Second, Appellant argues that his counsel was ineffective for failing to present evidence and argument that Appellant "was a blind mule" who did not know that "the parcel he picked up at the Mayport Post Office contained crystal methamphetamine." *Id.* at 8. Appellant insists that his "counsel should have presented this defense because there was no evidence in the case that the substance in the parcel tested [positive] for crystal methamphetamine o[r] that [Appellant] knew the parcel contained crystal methamphetamine." *Id.*

Both of Appellant's ineffectiveness claims are meritless. Initially, "[t]his Court's standard of review from the grant or denial of post-conviction relief is limited to examining whether the lower court's determination is supported by the evidence of record and whether it is free of legal error." *Commonwealth v. Morales*, 701 A.2d 516, 520 (Pa. 1997) (citing *Commonwealth v. Travaglia*, 661 A.2d 352, 356 n.4 (Pa. 1995)). Where, as here, a petitioner claims that he or she received ineffective assistance of counsel, our Supreme Court has directed that the following standards apply:

> [A] PCRA petitioner will be granted relief only when he proves, by a preponderance of the evidence, that his conviction or sentence resulted from the "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S. § 9543(a)(2)(ii). "Counsel is presumed effective, and to rebut that presumption,

- 5 -

the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him." [**Commonwealth v.**] **Colavita**, … 993 A.2d [874,] 886 [(Pa. 2010)] (citing **Strickland** [**v. Washington**, 466 U.S. 668 ... (1984)]). In Pennsylvania, we have refined the **Strickland** performance and prejudice test into a three-part inquiry. **See** [**Commonwealth v.**] **Pierce**, [527 A.2d 973 (Pa. 1987)]. Thus, to prove counsel ineffective, the petitioner must show that: (1) his underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) the petitioner suffered actual prejudice as a result. **Commonwealth v. Ali**, … 10 A.3d 282, 291 (Pa. 2010). "If a petitioner fails to prove any of these prongs, his claim fails." **Commonwealth v. Simpson**, … 66 A.3d 253, 260 ([Pa.] 2013) (citation omitted). Generally, counsel's assistance is deemed constitutionally effective if he chose a particular course of conduct that had some reasonable basis designed to effectuate his client's interests. **See Ali, supra**. Where matters of strategy and tactics are concerned, "a finding that a chosen strategy lacked a reasonable basis is not warranted unless it can be concluded that an alternative not chosen offered a potential for success substantially greater than the course actually pursued." **Colavita**, … 993 A.2d at 887 (quotation and quotation marks omitted). To demonstrate prejudice, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." **Commonwealth v. King**, … 57 A.3d 607, 613 ([Pa.] 2012) (quotation, quotation marks, and citation omitted). "'[A] reasonable probability is a probability that is sufficient to undermine confidence in the outcome of the proceeding.'" **Ali**, … 10 A.3d at 291 (quoting **Commonwealth v. Collins**, … 957 A.2d 237, 244 ([Pa.] 2008) (citing **Strickland**, 466 U.S. at 694….)).

**Commonwealth v. Spotz**, 84 A.3d 294, 311-12 (Pa. 2014).

In the instant case, the PCRA court found Appellant's ineffectiveness claims to be meritless. First, in regard to Appellant's claim that counsel should have demanded GC/MS testing of the substance in the package he possessed at the post office, the court cited to trial testimony by United States Postal Inspector Steven Celetti, who explained that, although he did not submit the

substance in the parcel possessed by Appellant to the lab for testing, the substance **was submitted** to the lab for analysis "through the Attorney General's [O]ffice … or the State Police." PCRA Court Opinion (PCO), 10/25/23, at 2 (quoting N.T. Trial, 3/20/18, at 337). Mr. Celetti then testified that the substance tested positive for methamphetamine. **Id.** As the PCRA court observed, Appellant's trial counsel "would have received the lab report in discovery" and "would have had no reason to consult an independent chemist" for additional testing. **Id.**

Moreover, the PCRA court stressed that,

> our Supreme Court has repeatedly said that a defendant claiming ineffective[ness] based on an attorney's failure to proffer expert testimony must articulate what evidence was available and identify the witness who would have been willing to offer the proposed expert testimony. **Commonwealth v. Bryant**, 855 A.2d 726, 745 (Pa. 2004) [(reiterating "the well-settled rule that, in addition to the ineffectiveness test, '[w]hen a defendant claims that expert testimony should have been introduced at trial, the defendant must articulate what evidence was available and identify the witness who was willing to offer such evidence'") (citation omitted)]. [Appellant] has not done that. He offers Cindy Vitale's excerpted testimony from a federal defendant's 2009 trial but does not indicate that she or a counterpart would have been able and willing to offer similar testimony at his trial in 2017.[2]
>
> > [2] Given that the Commonwealth had the lab report confirming that the August 2[nd] package contained crystal meth[amphetamine], in fact, it strikes the [c]ourt as nearly impossible that [trial counsel] could have produced an expert witness who could have offered the testimony [Appellant] proposes.

**Id.** at 3.

In addition, the PCRA court rejected Appellant's claim that his counsel acted ineffectively by not arguing, or presenting evidence, to show he was just a 'drug mule' who did not know that the package he was trafficking contained narcotics. The court explained:

> Under well-established Pennsylvania law, every element of a [p]ossession crime, including knowledge, may be proven by circumstantial evidence, *see e.g.*, *Commonwealth v. Bricker*, 882 A.2d 1008, 1015 (Pa. Super. 2004), and the Commonwealth presented more than enough circumstantial evidence from which [Appellant's] jury could reasonably have inferred that he knew he was retrieving a package of crystal meth[amphetamine] from the Mayport Post Office. That evidence included testimony from multiple co-defendants describing how [Appellant] received, repackaged, and distributed the drug, as well as texts between him and various co-defendants … that corroborated their stories and strongly indicated that [Appellant] knew with the delivery of each package, including the August 2, 2017 delivery, exactly what he would find when he opened it.

PCO at 3.

We agree with the PCRA court that Appellant's two ineffectiveness claims are meritless for the reasons it states. Namely, Appellant fails to acknowledge that the substance in the package he possessed was lab tested and confirmed to be crystal methamphetamine. Thus, his attorney had a reasonable basis for not seeking further independent testing. Moreover, Appellant failed to present any expert witness who would have, or could have, testified that GC/MS testing would have revealed a different result. Finally, the ample circumstantial evidence in this case demonstrates that Appellant knew he was participating in the trafficking of narcotics. He does not identify

what evidence or argument his trial counsel could have made to refute the circumstantial proof of his guilt. Thus, his ineffectiveness claims are meritless.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 09/12/2024