J-S25005-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| GEORGE RATHY, JR., | |
| Appellant | No. 438 WDA 2014 |

Appeal from the Judgment of Sentence October 15, 2013
In the Court of Common Pleas of Lawrence County
Criminal Division at No(s): CP-37-CR-0000463-2011

BEFORE:  BENDER, P.J.E., STABILE, J., and PLATT, J.[*]

MEMORANDUM BY BENDER, P.J.E.:                    **FILED JUNE 09, 2015**

George Rathy, Jr. appeals from the judgment of sentence of fourteen to twenty-eight years' incarceration, imposed October 15, 2013, following a bench trial resulting in his conviction for rape of a child, attempted rape of a child, involuntary deviate sexual intercourse with a child, attempted involuntary deviate sexual intercourse with a child, and indecent assault.[1] We affirm.

We adopt the following statement of facts:

This case arose following allegations of sexual molestation made by the eight-year-old daughter of [Appellant's] girlfriend.  The

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Respectively, 18 Pa.C.S. §§ 3121(c), 901(a), 3123(b), 901(a), and 3126(a)(7).

victim testified that while she and her mother were living with [Appellant], [Appellant] had sexual intercourse with her on one occasion in December of 2008.

…

At trial, the victim testified that in December 2008[,] she lived in a three[-]bedroom trailer located at 5354 Wallace Road, North Beaver Township in Lawrence County with [Appellant], her mother[,] and her brother.  The victim testified that one night over Christmas break [Appellant] came home to the trailer with a brown paper bag containing beer.  The victim stated that she was in her pajamas and on her way to bed when she saw [Appellant] walk into the house with the bag and take it into the kitchen.  After [Appellant] put the bag down in the kitchen he walked into the victim's room and asked her to give him a hug.  She refused, stating that she was tired.  The victim stated that [Appellant] then walked to the kitchen and got a glass of cold water.  He then walked back to the victim's room and poured the glass of water over her head, again asking her for a hug.  When the victim refused for a second time, he told her to come with him into the living room.  In the living room, [Appellant] told her to remove all her clothes.  The victim walked back into her bedroom and took off all her clothes except her underwear, then walked back into the living room.  [Appellant] told her to remove her underwear and go to her brother's bedroom.  Her brother was not home at the time because he was spending the night at his grandparents' house.  The victim explained that her brother's bedroom was on the other side of the trailer right next to [the] bedroom [Appellant] shared with her mother.  According [to] the victim's testimony, her mother was home and asleep in her bedroom at the time of the sexual assault.  The victim testified that [Appellant] told her to lie on the bed in her brother's room.  She proceeded to get on the bed and sat with her head down on the bed and her knees bent underneath her so that her butt was up in the air.  She stated that [Appellant] approached her from behind wearing only his boxer shorts and inserted his penis into her anus.  The victim stated that after [a while] [Appellant] left to go into the bathroom and then came back into the bedroom and again inserted his penis into her anus.  The victim testified that it hurt when [Appellant] forcibly placed his penis into [her] anus.  After [Appellant] finished having sexual intercourse with the victim, he told her to put her clothes back on.  They then went into the living room to lie on the couch and watch a movie.

The victim stated that they fell asleep during the movie and woke up the next morning on the couch.

The victim testified that she first told her mother about the sexual assault in February of 2010, after her mother had ended her relationship with [Appellant] and decided to move to Florida. … She did not tell her mother about the sexual assault at that [] time because she was afraid of [Appellant], having witnessed [Appellant] physically abuse her mother on a number of occasions.

Trial Court Post-Sentence Motion Opinion, 02/12/2014, at 2-4.

A bench trial commenced in November 2012. Thereafter, Appellant was convicted of all charges against him. Following a lengthy delay due in large part to numerous continuances filed by Appellant, the trial court sentenced Appellant in October 2013, solely on the rape conviction.[2] Appellant timely filed post-sentence motions, including a challenge to the weight of the evidence. His motions were denied by the trial court. Appellant timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) statement. The trial court issued a responsive opinion.

Appellant raises the following issues:

[1.] Whether the trial court erred in denying [Appellant's] post-sentence motion that the verdict was against the weight of the evidence.

[2.] Whether the trial court erred in rendering a guilty verdict on counts [for] which [Appellant] was found guilty of rape as well as attempted rape; involuntary deviate sexual intercourse as well as attempted involuntary deviate sexual intercourse all resulting from one alleged incident.

---

[2] All other charges merged for sentencing purposes.

[3.] Whether the [trial] court erred in permitting the last minute amendment of [the criminal] information immediately preceding the trial on November 13, 2012.

Appellant's Brief at 15.

In his first issue, Appellant challenges the weight of the evidence against him. Appellant contends that the victim's testimony was not credible, noting that she failed to report her rape for approximately fourteen months, recanted her allegations against Appellant to others, and testified inconsistently regarding whether her rape was painful. Appellant also challenges the victim's mother's credibility, asserting that she took actions that were inconsistent with a mother whose child was allegedly raped. *See* Appellant's Brief at 17, 19-22.

A trial court's decision to deny a post-sentence motion challenging the weight of the evidence is "the least assailable of its rulings." *Commonwealth v. Nypaver*, 69 A.3d 708, 717 (Pa. Super. 2013) (internal quotation omitted).

> [W]e may only reverse the lower court's verdict if it is so contrary to the evidence as to shock one's sense of justice. Moreover, where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

*Commonwealth v. Sanders*, 42 A.3d 325, 331 (Pa. Super. 2012) (quoting *Commonwealth v. Champney*, 832 A.2d 403, 408 (Pa. 2003)); *see also Commonwealth v. Lewis*, 911 A.2d 558, 566 (Pa. Super. 2006)

("[Q]uestions concerning inconsistent testimony … go to the credibility of witnesses. This Court cannot substitute its judgment for that of the jury on issues of credibility.") (citations omitted).

We have reviewed the evidence and the trial court's opinion addressing Appellant's weight claim. According to the trial court:

> [T]he victim's testimony was credible and believable. In fact, the testimony of the victim was clear and unambiguous. She gave a clear account of [Appellant] having forced sexual relations upon her after pouring a glass of water on her head and ordering her to remove her clothes and lie on her brother's bed while he engaged in sexual acts upon her by force and against her consent and will at a time when she was under the age of thirteen years. … Appellant has set forth no facts … so clearly of greater weight that to ignore them would deny justice.
>
> Furthermore, all of the foregoing arguments raised by [Appellant] with respect to [the victim's mother's] testimony may affect [the mother's] credibility, but none of the arguments raised affect the credibility of the victim. A conviction may be based on the testimony of the victim alone, if believed; it is not necessary for the victim's testimony to be corroborated.

Trial Court Post-Sentence Motion Opinion at 12 (citing in support *Commonwealth v. Lyons*, 833 A.2d 245, 258 (Pa. Super. 2003) ("[T]he uncorroborated testimony of the complaining witness is sufficient to convict a defendant of sexual offenses.")).

We agree with the trial court's analysis. The verdict does not shock one's sense of justice, and we discern no abuse of the court's discretion in rejecting Appellant's weight claim. No relief is due Appellant.

In his second issue, Appellant baldly contends that he should not have been found guilty of the inchoate crimes of attempted rape and attempted

involuntary deviate sexual intercourse, because he was also found guilty of completing those crimes. Appellant's argument is incoherent and cites no authority in support of this contention. Accordingly, we deem it waived. ***See McEwing v. Lititz Mut. Ins. Co.***, 77 A.3d 639, 647 (Pa. Super. 2011) (finding waiver where the appellant failed to develop an argument "capable of review"); Pa.R.A.P. 2119 (discussing requirements of an appellate brief's argument section).

Absent waiver, and to the extent Appellant raises a sentencing issue, we note that all convictions merged into Appellant's rape conviction for sentencing purposes. Thus, we discern no error in that regard.

In his third issue, Appellant contends that the trial court erred in permitting the Commonwealth to amend the criminal information, immediately preceding trial, to include attempted rape and attempted involuntary deviate sexual intercourse. According to Appellant, the last minute additions undermined his trial strategy and resulted in prejudice to him, citing in support ***Commonwealth v. Bricker***, 882 A.2d 1008 (Pa. Super. 2005).

Appellant failed to challenge the amendment before the trial court. To the contrary, when the trial court specifically inquired whether Appellant objected to the amendment, Appellant declined:

> [Trial Court]: There's an amended information. For the record, I take it there's no objection to the amended information being filed?

[Appellant's Counsel]: No, Your Honor.

Notes of Testimony (N.T.), 11/13/2012, at 14.

Accordingly, we deem this issue waived. Pa.R.A.P. 302 ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

Absent waiver, we state our agreement with the legal basis of Appellant's argument: a criminal information may be amended *only to the extent* that "a defendant is fully apprised of the charges" and incurs no prejudice by "the last minute addition of alleged criminal acts of which the defendant is uninformed." ***Bricker***, 882 A.2d at 1019 (discussing the purpose of Pa.R.Crim.P. 564). Nevertheless, the record does not support Appellant's claim of prejudice. According to Appellant's counsel:

> We [*i.e.*, Appellant and counsel] had talked – if I may clarify for the [c]ourt, we talked about the Commonwealth adding the attempts, but he [*i.e.*, Appellant] had not seen the information at that point, but we were informed by their office[,] and we discussed that.

N.T. at 18-19.

Thus, the transcript demonstrates that Appellant was informed prior to trial that the Commonwealth may add the attempt charges and discussed the possibility with his counsel. Accordingly, we discern no prejudice.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/9/2015