J-S28033-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ZBIGNIEW JAROSZYNSKI, | |
| Appellant | No. 1298 EDA 2015 |

Appeal from the Judgment of Sentence April 20, 2015
in the Court of Common Pleas of Montgomery County
Criminal Division at No.: CP-46-CR-0002013-2014

BEFORE: BOWES, J., LAZARUS, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.: **FILED APRIL 06, 2016**

Appellant, Zbigniew Jaroszynski, appeals from his conviction of driving under the influence of alcohol (DUI) and driving without a valid inspection.[1] We affirm.

As aptly stated by the trial court in its July 9, 2015, opinion:

> On February 1, 2014, at approximately 3:30 p.m., Upper Moreland Patrol Officer Thomas [E.] Sokolis responded to a dispute between a landlord and tenant [("Earlier Incident")]. Officer Sokolis defused the situation by informing Appellant, the landlord, that if he wanted the tenant, Virginia Alexander, to leave, he would have to evict her through formal proceedings. Officer Sokolis also instructed Appellant to stay away from Ms. Alexander.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S.A. §§ 3802(b), 4703(a), respectively.

Approximately two hours later, Officer Sokolis was informed of another dispute at the same location. Upon arriving, Ms. Alexander informed Officer Sokolis that Appellant, once again, entered her room without invitation, removed her belongings and drove off in a white Pontiac.

Minutes later, Officer Sokolis observed a white Pontiac nearby, driving along Grant Avenue. Officer Sokolis entered his police cruiser and began to pursue the white Pontiac. Officer Sokolis caught up with the Pontiac in time to see the vehicle make a U-turn and park along Ellis Road. Appellant exited the white Pontiac and began walking away from the vehicle. Shortly after Appellant began walking, Officer Sokolis stopped him to investigate [] Ms. Alexander's allegations.

Upon speaking with Appellant, Officer Sokolis noticed that he had an odor of alcohol and bloodshot, glassy eyes. Appellant was subsequently arrested and consented to chemical testing. The results of the tests showed that Appellant's blood alcohol concentration ("BAC") was 0.143% at 6:24 p.m. and 0.139% at 6:27 p.m.

(Trial Court Opinion, 7/09/15, at 1-2).

On December 9, 2014, Appellant filed a motion to suppress any statements or items seized as part of his allegedly illegal DUI arrest. (**See** Motion to Suppress, 12/09/14, at unnumbered pages 3-4). On December 19, 2014, the trial court conducted a hearing on Appellant's motion. Officer Sokolis testified about the events leading up to Appellant's arrest; he made no mention of Appellant appearing intoxicated during the Earlier Incident, which occurred approximately two hours before his arrest. (**See** N.T. Suppression Hearing, 12/19/14, at 5-14). At the conclusion of the hearing, the trial court denied Appellant's motion.

On March 18, 2015, the case proceeded to a one-day bench trial. The court granted the Commonwealth's motion to incorporate the testimony from the suppression hearing over Appellant's objection. (*See* N.T. Trial, 3/18/15, at 3-4). Officer Sokolis testified "from where [he] left off [at the suppression hearing]." (*Id.* at 5). During the course of defense counsel's cross-examination, the officer said for the first time that he observed Appellant display signs of intoxication during the Earlier Incident. (*See id.* at 17). The trial court sustained the Commonwealth's objection to defense counsel's attempt to cross-examine the officer about the discrepancy between his testimony at the suppression hearing, in which he did not mention Appellant being intoxicated during the Earlier Incident, and at trial, wherein he stated that he did observe signs of intoxication. (*See id.* at 19-20). The court also sustained a similar objection by the Commonwealth to defense counsel's attempt to question Ms. Alexander about whether Appellant appeared intoxicated when he was at her apartment that afternoon. (*See id.* at 35). At the conclusion of trial, the court convicted Appellant of DUI and driving without a valid inspection. (*See id.* at 58). Appellant timely appealed.[2]

_____

[2] Appellant filed a timely statement of errors complained of on appeal on June 3, 2015 pursuant to the court's order; and the court filed an opinion on July 9, 2015. *See* Pa.R.A.P. 1925.

Appellant raises one issue for this Court's review: "Did the trial court abuse its discretion when it precluded the defense from questioning Officer Sokolis and Ms. Alexander regarding Officer Sokolis' prior statements which would have affected his credibility?" (Appellant's Brief, at 6) (most capitalization omitted). Specifically, Appellant maintains that the trial court abused its discretion when it precluded him from cross-examining Officer Sokolis about his trial testimony that Appellant appeared intoxicated during the Earlier Incident, where he did not make such statement at the suppression hearing.[3] (*See* Appellant's Brief, at 12). He further maintains that the court erred in prohibiting him from cross-examining Ms. Alexander about "whether or not she noted any signs of intoxication from [Appellant] during their . . . interaction" two hours prior to his arrest for DUI. (*See id.* at 13). Appellant's issue does not merit relief.

Our standard of review of this matter is well-settled:

A trial court has broad discretion to determine whether evidence is admissible, and a trial court's ruling regarding the admission of evidence will not be disturbed on appeal unless that ruling reflects manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support to be clearly erroneous. In addition, the trial court has broad discretion regarding both the scope and permissible limits of cross-examination. The trial

---

[3] Appellant also claims that the trial testimony was inconsistent with the officer's report regarding the Earlier Incident because it did not mention Appellant being intoxicated. (*See* Appellant's Brief, at 12). However, this issue is waived where Appellant did not raise it at trial. *See Rosser*, *infra* at *8; *see also* Pa.R.A.P. 302(a) ("Issues not raised in the [trial] court are waived and cannot be raised for the first time on appeal.").

judge's exercise of judgment in setting those limits will not be reversed in the absence of a clear abuse of that discretion, or an error of law.

***Commonwealth v. Rosser***, _____ A.3d _____, 2016 WL 769485, at *8 (Pa. Super. filed Feb. 26, 2016) (*en banc*) (citations and quotation marks omitted).

Pursuant to the Pennsylvania Rules of Evidence, "[t]he credibility of a witness may be impeached by any evidence relevant to that issue, except as otherwise provided by statute or these rules." Pa.R.E. 607(b). Further:

> [A]n attorney may discredit a witness by cross-examining the witness about omissions or acts that are inconsistent with his testimony. . . . However, the scope and limits of cross-examination [are] vested in the trial court's discretion and that discretion will not be reversed unless the trial court has clearly abused its discretion or made an error of law.

***Commonwealth v. Bricker***, 882 A.2d 1008, 1019 (Pa. Super. 2005) (citation omitted). Likewise, "[t]he court should exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to . . . avoid wasting time[.]" Pa.R.E. 611(a)(2).

Here, at the suppression hearing, Officer Sokolis did not mention whether Appellant was or was not intoxicated at the Earlier Incident. (***See*** N.T. Suppression Hearing, 12/19/14, at 5-20). However, at trial, Officer Sokolis testified that Appellant had been intoxicated at that time, and Appellant sought to cross-examine the officer about this alleged inconsistency. (***See*** N.T. Trial, at 17).

Specifically, the following relevant exchange occurred:

[APPELLANT'S COUNSEL:] The part [of the transcript] I have just handed you is the part of the suppression hearing in which you are discussing your interaction with [Appellant] [earlier] that afternoon, isn't it?

[OFFICER SOKOLIS:] Yes.

[APPELLANT'S COUNSEL:] Could you identify the line number in that testimony where you describe any signs of intoxication that you observed during your first interaction with [Appellant]?

[COMMONWEALTH]: Objection, Your Honor. I would object to relevance again. We are focused on the time he was driving the vehicle within two hours. What happened at 3 p.m. that day is not relevant to those issues.

THE COURT: Yes, I would like to hear your response to that.

[APPELLANT'S COUNSEL]: Your Honor, this is relevant for two reasons. First, the testimony if [Appellant] were intoxicated that afternoon, that will make it more likely that he was intoxicated when he was stopped later that day after driving. So as I mentioned before, this narrows down the possibility of when he could have drank alcohol. It's our position he did not drink anything that afternoon, and did not drink anything while he was driving. He drank when he was already—when he had already stopped his vehicle behind his house.

Furthermore, Your Honor, this testimony goes to the credibility of the officer.

THE COURT: I am going to sustain the objection. All I really care about is what happened two hours prior to the time of his testing.

[APPELLANT'S COUNSEL]: Your Honor, this is at 3:30, Your Honor, and he was stopped at 5:45.

THE COURT: Yeah, but the test was taken at . . . 6:24 and 6:27.

[APPELLANT'S COUNSEL]: That's correct, Your Honor.

THE COURT: All right. Narrow it down. I'm not sure I understand where you are going with this.

[APPELLANT'S COUNSEL]: Your Honor, where I am going with this is today in court is the first time that this officer has testified under oath that [Appellant] had been intoxicated that afternoon. Your Honor, the fact whether or not [Appellant] was intoxicated that afternoon would make it more or less likely that he was intoxicated, that he was already intoxicated when he was driving.

THE COURT: So for the sake of efficiency then, all I am really concerned about is the circumstances of [Appellant's] arrest.

(*Id.* at 19-21).

The Commonwealth also objected to Appellant's attempt to elicit testimony from Ms. Alexander about whether Appellant appeared intoxicated earlier that day. (*See id.* at 35). Specifically, the following occurred at trial:

[APPELLANT'S COUNSEL:] Your Honor, Miss Alexander will testify . . . that when she saw [Appellant] at around 3:30 that afternoon, he was not intoxicated. . . .

THE COURT: All right.

[COMMONWEALTH]: Your Honor, we would object . . . that is not relevant to the issues before us today[.]

THE COURT: Yes, . . . just for efficiency's sake, I really want to concentrate on the time frame surrounding the arrest, so whatever testimony you have of Miss Alexander will be permitted as it relates to that incident.

(*Id.*).

At the conclusion of trial, the court convicted Appellant of violation of section 3802(b) of the Vehicle Code, which provides:

- 7 -

An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the alcohol concentration in the individual's blood or breath is at least 0.10% but less than 0.16% within two hours after the individual has driven, operated or been in actual physical control of the movement of the vehicle.

75 Pa.C.S.A. § 3802(b).

Based on the foregoing, we conclude that the trial court properly exercised its discretion in limiting Appellant's line of inquiry regarding Appellant's intoxication over two hours before his arrest. Based on the plain language of the statute, this evidence was irrelevant for purposes of establishing a violation of section 3802(b) where the proper inquiry was whether Appellant had a BAC of "at least 0.10% but less than 0.16% within two hours after [he had] driven, operated or been in actual physical control of the movement of the vehicle." 75 Pa.C.S.A. § 3802(b).

Also, while we acknowledge that a party has a right to cross-examine a witness for purposes of challenging credibility, we also are mindful that "the scope and limits of cross-examination [are] vested in the trial court's discretion and that discretion will not be reversed unless the trial court has clearly abused its discretion or made an error of law." *Bricker*, *supra* at 1019. Here, the trial court presided over the suppression hearing, was aware of any inconsistency in the officer's testimony, and "knew it would have the opportunity to review the prior statements and weigh Officer

Sokolis's credibility without the need for additional testimony." (Trial Ct. Op., at 7).[4]

Therefore, we conclude that the court properly exercised its discretion to limit Appellant's cross-examination of Officer Sokolis about his intoxication at an incident two hours prior to his arrest. *See Bricker*, *supra* at 1019. Appellant's issue does not merit relief. *See Rosser*, *supra* at *8.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/6/2016

---

[4] Moreover, we observe that the officer's trial statement does not actually conflict with anything he said at the suppression hearing. At that hearing, the Commonwealth did not ask the officer if Appellant appeared intoxicated at the Earlier Incident; and Appellant's counsel did not ask the officer anything at all about the Earlier Incident. (*See* N.T. Suppression Hearing, at 6-8, 15-19).