**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JONATHAN DOUGLAS CARPER | : | |
| | : | |
| Appellant | : | No. 1007 MDA 2017 |

Appeal from the Judgment of Sentence June 13, 2017
In the Court of Common Pleas of Cumberland County Criminal Division at
No(s):  CP-21-CR-0002132-2016

BEFORE:  PANELLA, J., MURRAY, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY MURRAY, J.:                    **FILED JULY 10, 2018**

Jonathan Douglas Carper (Appellant) appeals from the judgment of sentence imposed after a jury convicted him of possession of a controlled substance and possession with intent to deliver a controlled substance (PWID).[1]  Upon review, we affirm.

The trial court summarized the facts introduced at trial as follows:

On June 17, 2016, Patrolman Sturm and Corporal Bucher encountered [Appellant] in a parking lot in the 100 Block of East Louther Street.  The parking lot was adjacent to an apartment complex in which [Appellant] lived.  They recognized [Appellant] as a person for whom a warrant had been issued.  Upon executing the warrant, Corporal Bucher performed a search of [Appellant].  He discovered what appeared to be heroin packaged in both bundles and loose bags.  The heroin was hidden in [Appellant's] shoe.  Altogether, he seized thirty-three (33) bags of suspected heroin, some of which were stamped with the label "Versace."  He also seized a cellphone and $89 in cash.  Testing later confirmed

---

[1] 35 P.S. §§ 780-113(a)(16), (30).

that the "Versace" bags only contained heroin, whereas the unbranded bags contained heroin as well as fentanyl. [Appellant] did not have any paraphernalia with which to ingest the heroin.

At trial, Corporal Bucher testified as an expert in drug law enforcement and street-level drug activity. He opined that the large amount of heroin contained in bundles as well as loose bags possessed without a means of ingestion would indicate possession for the purpose of sale rather than for personal use. It is also significant that [Appellant] was wearing multiple layers of clothing despite the fact that it was nearly [s]ummer.

Trial Court Opinion, 10/19/17, at 1-2 (footnotes omitted).

On June 13, 2017, the trial court sentenced Appellant to 9 – 23 months of incarceration. Appellant filed this timely appeal on June 22, 2017. Appellant and the trial court have both complied with Pa.R.A.P. 1925.

Appellant presents a single issue for our review:

WAS THERE INSUFFICIENT EVIDENCE TO PROVE BEYOND A REASONABLE DOUBT THAT [APPELLANT] INTENDED TO DELIVER THE HEROIN IN HIS POSSESSION?

Appellant's Brief at 5.

We review Appellant's sufficiency of the evidence claim under the following standard:

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for [that of] the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth

may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Vargas*, 108 A.3d 858, 867–68 (Pa. Super. 2014) (*en banc*) (citations omitted), *appeal denied*, 121 A.3d 496 (Pa. 2015).

Appellant challenges his conviction of PWID under the Controlled Substance, Drug, Device and Cosmetic Act, which prohibits "the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance by a person not registered under this act. . . " 35 P.S. § 780-113(a)(3). To prove Appellant guilty of PWID, the Commonwealth had to establish beyond a reasonable doubt that Appellant possessed a controlled substance and did so with the intent to deliver it. *Commonwealth v. Bricker*, 882 A.2d 1008, 1015 (Pa. Super. 2005) (citation omitted). In determining whether there is sufficient evidence to support a PWID conviction, all facts and circumstances surrounding the possession are relevant, and the Commonwealth may establish the essential elements of the crime by circumstantial evidence. *Id.* Factors to be considered in determining whether the drugs were possessed with the intent to deliver include the particular method of packaging, the form of the drug, and the behavior of the defendant. *Id.*

Appellant argues that the evidence was insufficient to support his conviction because he possessed only "a small amount of heroin; only one cell phone; an insignificant amount of money; and paraphernalia to ingest the heroin." Appellant's Brief at 12-13. Appellant contends that the heroin was "packaged in a manner consistent with personal use," and his cash sufficed as paraphernalia based on Corporal Bucher's testimony that heroin users snort heroin through rolled bills. *Id.* at 13-19. Appellant also notes that there was no testimony about his behavior at the time he encountered the police – in particular, Appellant "was not observed taking part in any drug transactions" – which would support the intent to distribute the heroin. *Id.*

In contrast, the Commonwealth asserts that Appellant was in possession of "a large quantity of heroin with no paraphernalia or means to facilitate personal use." Commonwealth Brief at 5. The Commonwealth also argues that the jury acted properly in their role as fact-finder in crediting the expert testimony of Corporal Bucher, who testified to his belief that Appellant was selling heroin. *Id.* at 4.

Our review confirms the trial court's recitation of the facts. The Commonwealth presented testimony from three witnesses, while Appellant elected not to testify or present any defense witnesses.

Carlisle Borough Patrolman Michael Sturm testified to encountering Appellant on June 17, 2016, around 8:30 p.m., "standing next to a vehicle and another gentleman" in a parking lot. N.T., 3/7/17, at 19-20. As detailed

below from the testimony of his fellow officer, Patrolman Sturm aided in the recovery of 33 bags of heroin from Appellant. *Id.* at 59.

Carlisle Borough Corporal Joshua Bucher was qualified to testify as an expert in the field of drug law enforcement in Pennsylvania, specifically Cumberland County and "street-level drug activity in the Borough of Carlisle." *Id.* at 26, 33. Corporal Bucher, like Patrolman Sturm, encountered Appellant on the evening of June 17, 2016. Corporal Bucher conducted a lawful search of Appellant, from which he recovered a cell phone and $89 in cash in Appellant's pants, and four partial bundles of heroin (a total of 33 bags) in Appellant's left shoe. *Id.* at 35-36, 46. Corporal Bucher analogized a bundle of heroin, which contains individual bags of heroin, to a carton of cigarettes; he compared a bag of heroin to a pack of cigarettes. *Id.* at 36-37. Corporal Bucher also testified that Appellant was wearing two pairs of shorts. *Id.* at 37. Significantly – and contrary to Appellant's argument – Corporal Bucher opined that Appellant was not in possession of drug paraphernalia. *Id.* at 38. He based his conclusion on his view that "on occasion" heroin users will "have a small straw or even just roll up a bill and use that to snort it," but "a majority of the time it's through a needle." *Id.* In this case, Corporal Bucher did not notice any drug residue on the cash recovered from Appellant, stating, "The money was all together. None of it looked rolled up when you took it out or anything like that to indicate that it had been previously rolled to be used to

snort." *Id.* Corporal Bucher stated, "In my opinion, [Appellant] possessed

[the heroin] with the intent to deliver." *Id.* at 47. He elaborated:

> Like I said before, there are several factors we look at. The quantity. The fact that there were 33 bags comprised of four bundles, indicating to me that a bag is being pulled out and sold. The two individual baggies, again, they were – you know, he's pulling bags off and selling them.
>
> A big one, also, is the lack of a means of ingestion. I think I said earlier, 90 percent of the heroin users will have a needle on them or another way to ingest it by snorting, either a straw or a rolled-up dollar bill. Again, like I said, none of these bills appeared to have been rolled to be used to snort. There was no way for him to actually ingest the heroin on his person.
>
> . . .
>
> The fact that it was in his shoe and the fact that he's standing right next to his residence, if it was going to be used for personal use, in my opinion, that would have been kept in his residence rather than in his shoe. In my opinion, the reason it was in his shoe is because he was selling bags of heroin to people as they walked up to him standing outside of his house.

N.T., 3/7/17, at 48.

Finally, Rhonda Hirschl testified to being employed as a forensic chemist by the Cumberland County District Attorney's Office and was qualified as an expert in forensic and analytical chemistry. *Id.* at 63. She analyzed the five bags recovered from Appellant and marked "Versace," as well as 18 of the 28 unmarked bags recovered from Appellant.[2] The 18 unmarked bags tested

---

[2] Ms. Hirschl explained that "we have a computer program that statistically analyzes how many we would have to analyze to get 95 percent confidence in our results. Because there were 28, the computer program shows that we

positive for heroin and fentanyl; the five bags tested positive for heroin only. *Id.* at 68-69.

On this record, the jury convicted Appellant of PWID. Viewing this evidence in the light most common to the Commonwealth as verdict-winner, and recognizing that the Commonwealth may sustain its burden of proving PWID by "wholly circumstantial evidence," **Bricker**, **supra**, we find no merit to Appellant's argument that there was insufficient evidence that he possessed the heroin with the intent to deliver it. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 07/10/2018

---

would have to fully test 18 of those, so I tested 18 of the 28 and then five of the five. That's just time and money saved when you statistically analyze it rather than do all 28." N.T., 3/7/17, at 67-68.