J-S25019-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| STEVEN W. JOHNSON | : | |
| Appellant | : | No. 1285 WDA 2017 |

Appeal from the Judgment of Sentence August 7, 2017
In the Court of Common Pleas of Blair County
Criminal Division at No(s):  CP-07-CR-0002223-2016
CP-07-CR-0002668-2016
CP-07-CR-0002669-2016

BEFORE:  GANTMAN, P.J., PANELLA, J., and OTT, J.

MEMORANDUM BY PANELLA, J.                    FILED AUGUST 28, 2018

Steven W. Johnson appeals from the judgment of sentence entered in the Blair County Court of Common Pleas. Johnson asserts there was insufficient evidence to support some of his convictions, and that the verdict was against the weight of the evidence. Additionally, his court-appointed counsel, Mark S. Zearfaus, Esquire, seeks permission from this Court to withdraw as counsel pursuant to Anders v. California, 386 U.S. 738 (1967), and Commonwealth v. Santiago, 978 A.2d 349 (Pa. 2009). We affirm and grant Attorney Zearfaus leave to withdraw.

The relevant facts are not in dispute. In the summer of 2016, Johnson served as the driver for William Jones, a heroin[1] dealer. Due to a gunshot wound, Jones suffers from paralysis and is unable to walk or drive. As part of their arrangement, Johnson would drive Jones to different locations to meet his customers. When they arrived at each location, Johnson would exit the vehicle while Jones sold the drugs to his customers from inside Johnson's vehicle. On three occasions in August 2016, Jones sold drugs to two different confidential informants working with the police, Harry Smeltzer and Joanne Helsel. Because of these sales, the police arrested both Jones and Johnson and charged them with various drug related offenses.

Johnson's case proceeded to trial. Throughout the trial, Johnson maintained that he was unaware of Jones's activities and was only acting as a driver for Jones. Therefore, Johnson claimed, he should not be held responsible for the actions of his passenger. Conversely, both Smeltzer and Helsel testified that they knew Johnson and Jones worked together. Helsel recounted that on one occasion, Johnson waited outside the vehicle while Jones sold Helsel drugs. Additionally, Sergeant Joseph Merrell noted that when Johnson was arrested, he admitted he knew Jones had just completed a drug transaction and had more drugs in the vehicle.

_____

[1] While it was clear that Jones purported to sell heroin, the drugs sold to the confidential informants were found to be either heroin, heroin laced with Fentanyl, or Fentanyl. The Commonwealth amended the criminal information to reflect this discrepancy. See Amended Criminal Information, 3/27/16.

The jury ultimately convicted Johnson of three counts of conspiracy, four counts of possession with intent to distribute ("PWID"), four counts of possession of a controlled substance, three counts of criminal use of a communication facility, and one count each of possession of drug paraphernalia and driving under a suspended license. The basis for the drug convictions was accomplice liability. The trial court later sentenced Johnson to an aggregate term of 3 to 6 years' imprisonment. This appeal follows.

Prior to addressing the merits of Johnson's requested appeal, we must examine Attorney Zearfaus's request to withdraw. Attorney Zearfaus has substantially complied with the mandated procedure for withdrawing as counsel. See Santiago, 978 A.2d at 361 (articulating Anders requirements); Commonwealth v. Daniels, 999 A.2d 590, 594 (Pa. Super. 2010) (providing that counsel must inform client by letter of rights to proceed once counsel moves to withdraw and append a copy of the letter to the petition). Johnson has not filed a response to counsel's petition to withdraw.

As counsel has met his obligation to withdraw, we must now "make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." Commonwealth v. Flowers, 113 A.3d 1246, 1248 (Pa. Super. 2015) (citation omitted).

Counsel has identified two issues Johnson believes entitles him to relief: that the verdicts were against the weight of the evidence and that there there was insufficient evidence to support his PWID and possession of a controlled substance convictions because he never possessed the drugs.

Moving to Johnson's first claim, he contends the verdicts were against the weight of the evidence because his testimony was more credible than the testimony of the confidential informants. However, Johnson failed to preserve this claim by raising it at sentencing or in a post-sentence motion. See Pa.R.Crim.P. 607(A)(1)-(3) ("A claim that the verdict was against the weight of the evidence shall be raised with the trial court in a motion for a new trial: (1) orally, on the record, at any time before sentencing; (2) by written motion at any time before sentencing; or (3) in a post-sentence motion.") Therefore, because Johnson has waived this claim, we agree with Counsel's conclusion that it is frivolous. See, e.g., Commonwealth v. Kalichak, 943 A.2d 285, 291 (Pa. Super. 2008) (observing that when an issue has been waived, "pursuing th[e] matter on direct appeal is frivolous").

The second issue identified in the Anders brief is a sufficiency claim based on the fact that "there was no evidence that [Johnson] ever actually possessed heroin." Anders Brief, at 13. To review Johnson's challenge to the sufficiency of the evidence underlying his PWID and possession of a controlled substance convictions, we must determine whether the evidence and all reasonable inferences based on the evidence, viewed in the light most favorable to the Commonwealth, was sufficient to enable the fact-finder to find every element of the crime beyond a reasonable doubt. See Commonwealth v. Shull, 148 A.3d 820, 844 (Pa. Super. 2016). The Commonwealth may meet "its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence." Id.

(citations omitted). Additionally, the jury, while assessing the credibility of witnesses, is free to believe all, part, or none of the evidence. See id.

Our Court has previously determined that

> [t]o convict a person of PWID, the Commonwealth must prove beyond a reasonable doubt that the defendant possessed a controlled substance and did so with intent to deliver it. In determining whether there is sufficient evidence to support a PWID conviction, all facts and circumstances surrounding the possession are relevant, and the Commonwealth may establish the essential elements of the crime wholly by circumstantial evidence. Factors to consider in determining whether the drugs were possessed with the intent to deliver include the particular method of packaging, the form of the drug, and the behavior of the defendant.

Commonwealth v. Bricker, 882 A.2d 1008, 1015 (Pa. Super. 2005) (citations omitted). Possession of narcotics is defined as "[k]nowingly or intentionally possessing a controlled or counterfeit substance by a person not registered[.]" 35 P.S. § 780-113(a)(16).

"A person is an accomplice of another person in the commission of an offense if [...] with the intent of promoting or facilitating the commission of the offense, he (i) solicits such other person to commit it; or (ii) aids or agrees or attempts to aid such other person in planning or committing it[,]" 18 Pa.C.S.A. § 306(c)(1)(i)-(ii). Also, "[a]ccomplice liability may be established wholly by circumstantial evidence. Only the least degree of concert or collusion in the commission of the offense is sufficient to sustain a finding of responsibility as an accomplice. No agreement is required, only aid."

Commonwealth v. Mitchell, 135 A.3d 1097, 1102 (Pa. Super. 2016) (internal citations and quotations omitted).

We agree that Johnson's sufficiency claim is wholly frivolous. The evidence that the Commonwealth presented at trial demonstrated that Johnson repeatedly drove Jones from Pittsburgh to Altoona—more than 180 miles round trip—to sell drugs. Both Smeltzer and Helsel testified that they were aware that Jones and Johnson worked together, and Helsel stated that Johnson waited outside the vehicle while she and Jones completed a transaction.

The evidence clearly showed Johnson's awareness of Jones's drug possession and intention to deliver the drugs, as well as Johnson's willingness to aid Jones in his endeavor. Therefore, in the light most favorable to the Commonwealth as verdict winner, we find that the Commonwealth presented sufficient circumstantial evidence to support Johnson's conviction for PWID and possession of a controlled substance, under a theory of accomplice liability.[2] Further, our independent review of the record does not yield any other issue of arguable merit. Therefore, we grant Counsel's request to withdraw and affirm Johnson's judgment of sentence.

Judgment of sentence affirmed. Petition to withdraw as counsel granted.

_____

[2] Because there was sufficient evidence to convict Johnson under a theory of accomplice liability, there was no need for the Commonwealth to prove that Johnson ever physically possessed the drugs. See 18 Pa.C.S.A. § 306(b)(3) ("A person is legally accountable for the conduct of another person when ... he is an accomplice of such other person in the commission of the offense.")

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>8/28/2018</u>