J-S13030-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DOMINIC JARRELL McLAURIN | : | |
| | : | |
| Appellant | : | No. 1139 MDA 2019 |

Appeal from the Judgment of Sentence Entered April 4, 2019
In the Court of Common Pleas of Lycoming County Criminal Division at
No(s): CP-41-CR-0000640-2016

BEFORE: STABILE, J., DUBOW, J., and PELLEGRINI, J.[*]

MEMORANDUM BY DUBOW, J.: **FILED JUNE 03, 2020**

Appellant Dominic McLaurin appeals from the Judgment of Sentence imposed by the Lycoming County Court of Common Pleas after it found him guilty of possessory drug offenses following a bench trial. Appellant purports to challenge the sufficiency of the evidence. After careful review, we affirm.

We summarize the relevant underlying facts, gleaned from the trial court's Opinion and verified by our review of the record, as follows. On February 3, 2016, Pennsylvania State Troopers Edward Dammer and Tyson Havens were on patrol when they pulled into the lot of a Uni-Mart located in an area of Williamsport known for illicit narcotics sales. A black sedan was parked alongside a gas pump, and when the Troopers pulled next to the vehicle, Appellant exited the driver's seat and began to walk towards the store.

---

[*] Retired Senior Judge assigned to the Superior Court.

The Troopers recognized Appellant from prior encounters and knew that he did not have a driver's license. As Appellant walked away, he went behind the vehicles and his shoulder dipped down, as if to drop something behind the police vehicle. Intending to investigate Appellant's driving without a license, Trooper Havens asked Appellant to stop walking, but Appellant ignored him and continued to walk away. Trooper Havens caught up with Appellant and escorted him back to his vehicle. Appellant consented to a search of his person and his vehicle. The Troopers found a large bundle containing several hundred dollars in cash and a cell phone in Appellant's pocket. Another cell phone was in his vehicle.

While Trooper Dammer was putting Appellant's information into the police car's computer, Trooper Havens walked behind the vehicles and found a cigarette packet on the ground beneath the police vehicle. He looked inside the packet, and discovered 16 small bags of heroin, bundled in two lots and held together with a rubber band, and two small bags containing crack cocaine. When Trooper Havens showed the drugs to Appellant, Appellant ran away, abandoning his car. The officers gave chase but were unable to locate Appellant. No evidence of personal use of drugs was found in Appellant's car. The Commonwealth issued an arrest warrant.

Approximately one month later, on March 1, 2016, Appellant appeared for a hearing on another matter, and the Troopers arrested him. The Commonwealth charged him with two counts of Possession with Intent to

Deliver (PWID), two counts of Possession of a Controlled Substance, one count of Possession of Drug Paraphernalia, and Driving without a License.[1]

On February 8, 2019,[2] Appellant proceeded to a bench trial at which the Commonwealth presented testimony from Trooper Hammer, Detective Havens of the Pennsylvania State Police, and Cynthia Mann, a licensed practical nurse who had worked at the Lycoming County Correctional Facility in March 2016 when Appellant was brought to the jail after his arrest for the February 3, 2016 incident. Trooper Hammer testified to the events leading up to and including Appellant's fleeing the scene as recorded on the troopers' Mobile Video Recording system ("dashcam"). The video was admitted as an exhibit and as it played for the court, Trooper Hammer pointed out, *inter alia*, that as the police vehicle approached the parking lot, there was nothing on the ground except puddles. N.T., 2/8/19, at 16. He also pointed out Appellant's dropping his shoulder as he walked behind the police vehicle.

Nurse Mann testified that on March 2016, she conducted a standard intake review with Appellant at the jail during which Appellant denied using street drugs, *i.e.*, heroin and cocaine. She also testified that she had noted

---

[1] 35 P.S. §§ 780-113(a)(30), 780-113(a)(16), 780-113(a)(32), and 75 Pa.C.S. §1501(a), respectively.

[2] The delay between Appellant's arrest and his trial occurred as a result of the trial court's December 2017 granting, in part, Appellant's Motion *in Limine* to preclude certain evidence. The Commonwealth appealed and this Court affirmed the Order on September 14, 2018. **See Commonwealth v. McLaurin**, No. 1538 MDA 2017 (Pa. Super. filed Aug. 3, 2018).

on the intake form that Appellant was not exhibiting symptoms of withdrawal and his vital signs all appeared normal. N.T., 2/8/19, at 51-52.

By stipulation of the parties, the court accepted Trooper Havens as an expert in the field of drug interdiction. Trooper Havens testified not only regarding the events leading to Appellant's arrest, but also in his capacity as an expert, stating that it was his opinion that Appellant possessed the drugs with intent to deliver and not for personal use based on (1) the lack of user paraphernalia found in Appellant's car or in his pockets; (2) the large amount of money found on Appellant; (3) Appellant's multiple cell phones; (4) the amount of drugs; (5) the manner in which the drugs were packaged; and (6) the location of the incident which is well known as a high narcotics trafficking area. *See* N.T., at 72-73, 76.

The trial court found Appellant guilty of the above offenses. The court indicated it would rely on a May 2018 presentence investigation report and directed the filing of an additional report regarding Appellant's conduct in prison.

On April 4, 2019, the court sentenced Appellant to a term of 2½ to 5 years' incarceration for each of the PWID convictions, to be served concurrently. The convictions for Possession of a Controlled Substance merged for purposes of sentencing, and the court imposed no further penalty for the remaining convictions.

Appellant filed a timely Post-Sentence Motion challenging the sufficiency of the evidence, which the court denied on June 18, 2019. Appellant then filed a timely Notice of Appeal.[3]

Appellant presents the following issue for our review:

Whether the trial court erred in convicting [Appellant] despite the Commonwealth not providing sufficient evidence of the crime of possession with intent to deliver heroin and cocaine?

Appellant's Brief at 7.

"A claim challenging the sufficiency of the evidence is a question of law." *Commonwealth v. Widmer*, 744 A.2d 745, 751 (Pa. 2000). "We review claims regarding the sufficiency of the evidence by considering whether, viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt." *Commonwealth v. Miller*, 172 A.3d 632, 640 (Pa. Super. 2017) (internal quotation marks and citations omitted). "Further, a conviction may be sustained wholly on circumstantial evidence, and the trier of fact—while passing on the credibility of the witnesses and the weight of the evidence—is free to believe all, part, or none of the evidence." *Id.* "In conducting this review, the appellate court may not weigh the evidence and substitute its judgment for the fact-finder." *Id.*

---

[3] Appellant filed a Pa.R.A.P 1925(b) Statement; in response, the trial court relied on its June 18, 2019 Opinion and Order denying Appellant's Post-Sentence Motion in response.

Pursuant to 35 P.S. § 780-113(a)(16), a person is prohibited from possessing a controlled substance except as an authorized person or with a valid medical prescription. Pursuant to 35 P.S. § 780-113(a)(30), a person may not possess with intent to deliver a controlled substance unless authorized by law or regulation to do so.

Each crime requires proof that the accused possessed the contraband. In addition, to establish PWID, the Commonwealth must prove beyond a reasonable doubt that the individual both possessed a controlled substance and had the intent to deliver it. ***Commonwealth v. Kirkland***, 831 A.2d 607, 611 (Pa. Super. 2003). "In determining whether there is sufficient evidence to support a PWID conviction, all facts and circumstances surrounding the possession are relevant, and the Commonwealth may establish the essential elements of the crime wholly by circumstantial evidence." ***Commonwealth v. Bricker***, 882 A.2d 1008, 1015 (Pa. Super. 2005) (citation omitted).

It is well-settled that when an individual is found guilty of possessing contraband which was not found on his person, the Commonwealth is required to prove that he had constructive possession of the contraband. ***See id.*** at 1014. Constructive possession is a legal fiction; it is an inference from a set of facts that the defendant more likely than not had control of contraband that was not found on his person. ***Commonwealth v. Mudrick***, 507 A.2d 1212, 1213 (Pa. 1986). The Pennsylvania Supreme Court defines constructive possession as "conscious dominion" which is "the power to control the [contraband] and the intent to exercise that control." ***Commonwealth v.***

- 6 -

*Johnson*, 26 A.3d 1078, 1093 (Pa. 2011) (citation and quotation omitted).

Constructive possession is inferred from the totality of the circumstances, and

circumstantial evidence may be used to establish constructive possession. *Id.*

at 1094.

Here, the trial court, who sat as the factfinder, found that the

Commonwealth presented sufficient evidence from which to find that

Appellant possessed the drugs. The court stated:

> The Uni-Mart video also showed the area of the Uni-Mart prior to
> [Appellant] pulling in. **One could see that prior to [Appellant]
> pulling in, there were no cigarette packs lying in the
> parking lot**. One could also verify that **no pedestrians had
> walked in the area** either before [Appellant] pulled in, while
> [Appellant] was walking around his vehicle, when [Appellant] was
> returned to the vehicle or after [Appellant] was confronted with
> the cigarette pack and then fled.
>
> Although Appellant's mere presence at the scene, standing alone,
> is insufficient to prove guilty, the factfinder does not have to
> ignore the Appellant's presence. ***Commonwealth v. Vargas***,
> 108 A.3d 858, 869 (Pa. Super. 2014). "Indeed, presence at a
> scene where drugs are found is a material and probative factor
> which the factfinder may consider." *Id***.** (citation omitted)
> [internal brackets omitted]. **All of the evidence, taken
> together clearly links [Appellant] to the specific, if not
> exact, area where the illegal items were found and was
> sufficient circumstantial evidence of his possession of
> them**.
>
> Moreover, the court concluded that **Appellant's flight was
> consciousness of guilt**. Prior to Appellant arriving at the Uni-
> Mart, there was no cigarette pack. Appellant was seen exiting his
> car, walking around it and **engaging in conduct which was
> consistent with him dropping something**. His refusal to
> adhere to the police directives to stop showed that he was
> avoiding them in order to hide something. Once he returned to
> the vehicle, he was confronted with the items which were found

directly where he was walking and where it appeared he was dropping something. **He then fled**. No other individuals were even remotely near where the cigarette pack was found.

Trial Ct. Op., dated June 14, 2019, at 4-5.

In his two-page argument, Appellant avers that the "evidence presented at trial failed to establish [ ] that he possessed the controlled substances at issue[.]" Appellant's Br. at 11. He contends that the video was not clear enough for the factfinder to reasonably conclude that the cigarette packet was not already on the ground when the officers drove into the lot. *Id*. at 11-12. He also contends that the video was not clear enough to show a "shoulder dip" when he walked around the vehicles and "certainly did not show anything fall from [ ] Appellant's hand." *Id*.

While Appellant acknowledges that the trial court found he constructively possessed the contraband, he fails to develop any argument supported by citation to the record or to case law as to why the evidence was insufficient to support the trial court's finding. Rather, Appellant relies solely on a contention that the video was not clear enough to support his convictions. *See id.* Appellant's argument challenges the weight the court gave to the video.

A weight of the evidence claim must be raised before the trial court pursuant to Pa.R.Crim.P. 607(A) or it will be waived. *See Commonwealth v. Kinney*, 157 A.3d 968, 972 (Pa. Super. 2017) (holding that because defendant failed to raise a challenge to the weight of the evidence before the

trial court in either an oral or written motion for a new trial, he waived this claim for review on appeal).

Our review of the record reveals that Appellant did not raise any issue pertaining to the video in his Post-Sentence Motion. Accordingly, this argument is waived.

Moreover, with respect to the PWID conviction, Appellant concedes that "the cited evidence **does** support the [PWID] charge, [but he] nonetheless argues that it was still insufficient to find him guilty . . . [because] he was able to provide a plausible explanation [to the Trooper] for why he had the money without hesitation." Appellant's Br. at 12 (emphasis added). Again Appellant challenges the weight the trial court gave to the evidence, without having raised the challenge below.[4] Accordingly, this argument is also waived.[5]

_____

[4] Further, Appellant fails to cite to the record where this evidence was presented to the court and provides no case law at all to develop or support his argument as required by our rules of appellate procedure. **See** Pa.R.A.P. 2111-2119 (setting forth required content of appellate briefs and addressing specific requirements for each subsection of the brief). This provides an additional reason to conclude Appellant's issue is waived. **See Commonwealth v. Adams**, 882 A.2d 496, 497-98 (Pa. Super. 2005) (noting that "appellate briefs ... must materially conform to the requirements of the Pennsylvania Rules of Appellate Procedure. This Court may quash or dismiss an appeal if the appellant fails to conform to the requirements set forth in the Pennsylvania Rules of Appellate Procedure."(internal citations omitted)); Pa.R.A.P. 2101 (same)

[5] Moreover, even if Appellant had properly developed a sufficiency challenge, our review of the record and consideration of the inferences drawn by the court from the evidence presented supports the trial court's conclusion that the Commonwealth presented sufficient evidence to demonstrate that Appellant constructively possessed the drugs found under the police vehicle.

We, thus, affirm the Judgment of Sentence.

Judgment of Sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 06/03/2020