**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| QUADIR SIMMONS | : | |
| | : | |
| Appellant | : | No. 173 EDA 2023 |

Appeal from the Judgment of Sentence Entered August 1, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0003238-2019

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| QUADIR SIMMONS | : | |
| | : | |
| Appellant | : | No. 176 EDA 2023 |

Appeal from the Judgment of Sentence Entered August 1, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0003236-2019

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| QUADIR SIMMONS | : | |
| | : | |
| Appellant | : | No. 177 EDA 2023 |

Appeal from the Judgment of Sentence Entered August 1, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0003240-2019

BEFORE: BOWES, J., STABILE, J., and DUBOW, J.

MEMORANDUM BY STABILE, J.:                    **FILED MAY 8, 2024**

Appellant, Quadir Simmons, appeals from the August 1, 2022 judgment of sentence imposing an aggregate 12 to 50 years of incarceration for attempted murder, aggravated assault, conspiracy, unlawful possession of a firearm, and related offenses.

The convictions arose from a car theft that occurred on November 26, 2018, and two related shootings that occurred on November 27, 2018 and December 1, 2018.[1]  Surveillance footage of the November 27, 2018 shooting revealed the presence of a silver Acura SUV with a distinctive dent on the driver's side passenger door.  Surveillance footage of the December 1, 2018 shooting showed the same vehicle with the same distinctive dent.  Police recovered thirteen .45 caliber casings from the site of the November 27 shooting, and another twenty-nine .45 caliber casings from the site of the December 1 shooting.

Two days after the December 1 shooting, police observed the Acura SUV with the distinctive dent near the intersection of 8th and Duncannon Streets in Philadelphia.  The officers activated the lights on the police cruiser, and the Acura led them on a chase.  Three individuals eventually fled from the Acura, but none was apprehended that day.  Police observed one of the fleeing

_____

[1]  Our summary of the facts is culled from pages one through six of the trial court's unpaginated May 2, 2023 opinion.

suspects discard a black ski mask, a Glock 30 Model S with a round in the chamber and an obliterated serial number, and a .45 caliber Glock magazine.

An execution of a search warrant for the Acura returned an Apple iPhone whose screen lit up with an Instagram message from "Qua2ndst." An execution of a warrant for the phone revealed that it was registered to Julian Johnson, Appellant's co-defendant. Execution of a warrant for the "Qua2ndst" Instagram account revealed that it belonged to Appellant. Police recovered Appellant's phone number from his Instagram account and, using Johson's and Appellant's phone numbers, determined their location on November 27 and 27, 2018, and December 1, 2018. Both men's phones pinged from towers near the site of the vehicle theft on November 26, the site of the shooting on November 27, and the site of the second shooting on December 1, 2018. A picture recovered from Appellant's Instagram account depicted the interior of the Acura. Appellant and Johnson communicated with each other via Instagram on November 26, 2018.

Two fingerprints recovered from the Acura matched Appellant. DNA recovered from the discarded Glock implicated Appellant and Johnson. DNA from the discarded ski mask implicated Johnson. A restoration of the Glock's serial number revealed that the gun was sold to Johnson in August of 2018 for $400.00. Forensic testing revealed that the Glock was used in both shootings, along with one other firearm common to both shootings that was never recovered.

On May 20, 2022, at the conclusion of a bench trial, the court found Appellant guilty of the aforementioned offenses. The court imposed sentence on August 1, 2022. Appellant's timely post-sentence motion was denied by operation of law on December 7, 2022. This timely appeal followed. Appellant presents four questions:

A. Did the sentencing court abuse discretionary aspects of sentencing as Appellant contends the partially consecutive-in-nature aggregate sentence was excessive and more than necessary to protect the public, vindicate the victims, and rehabilitate Appellant. The sentence was excessive in light of the many mitigating factors such as, but not limited to, exceptionally strong community and familial support, great remorse, Appellant's need for rehabilitation, and his great potential for complete rehabilitation?

B. Was the evidence insufficient to sustain the convictions for attempted murder and all of the aggravated assault, simple assault, REAP and PIC charges, as the evidence was insufficient to prove beyond a reasonable doubt that Appellant possessed and fired a firearm at any of the victims and he was never identified as being a shooter?

C. Was the evidence insufficient to sustain the conviction for conspiracy to commit murder, as there was no direct evidence that Appellant agreed with anyone to commit any murder?

D. Was the evidence insufficient to sustain the convictions for conspiracy to commit aggravated assault, as there was no direct evidence that Appellant agreed with anyone to commit serious bodily injury to anyone?

Appellant's Brief at 5.

We begin with Appellant's challenge to the trial court's sentencing discretion. Appellant preserved this issue in a timely post-sentence motion, a timely Pa.R.A.P. 1925(b) statement, and a Pa.R.A.P. 2119(f) statement in his

brief. In his 2119(f) statement, Appellant claims he enjoys strong community support, that he earned his high school diploma while in custody, and that he has exhibited genuine remorse for his crimes. Appellant's Brief at 19-20. Appellant also claims he has great potential for rehabilitation. *Id.* at 22. Appellant therefore believes his aggregate sentence was "more than necessary, especially in light of his remorse. *Id.* at 21.

We determine the existence of a substantial question on a case-by-case basis. *Commonwealth v. Glass*, 50 A.3d 720, 727 (Pa. Super. 2012), *appeal denied*, 63 A.3d 774 (Pa. 2013). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Id.* "While a bald claim of excessiveness does not present a substantial question for review, a claim that the sentence is manifestly excessive, inflicting too severe a punishment, does present a substantial question." *Commonwealth v. Hicks*, 151 A.3d 216, 227 (Pa. Super. 2016). Moreover, a claim that the sentencing court did not adequately consider mitigating circumstances does not raise a substantial question. *Commonwealth v. DiSalvo*, 70 A.3d 900, 903 (Pa. super. 2013).

Appellant's community support, remorse, and good behavior during custody were offered as mitigating circumstances in relation to Appellant's violent assaults. The trial court's alleged failure to give adequate

consideration or assign adequate weight to these factors does not raise a substantial question. The remainder of Appellant's Pa.R.A.P. 2119(f) statement amounts to a bald assertion that the sentence was excessive. We therefore conclude Appellant has failed to raise a substantial question as to the propriety of his sentence.

Furthermore, were we to address the merits of Appellant's sentence, we would affirm for the reasons explained in the trial court's May 2, 2023 opinion. Trial Court Opinion, 5/2/23, at 7-9. As the trial court explains, Appellant's minimum sentences for attempted murder, aggravated assault, and conspiracy to commit aggravated assault fell below the guideline range. Moreover, the sentencing transcript and the trial court's opinion reflect the court's consideration and analysis of the asserted mitigating factors. Appellant emphasizes his remorse and capacity for rehabilitation, but he fails to acknowledge that one of the victims of the November 26, 2018 shooting was left paralyzed from the waist down. The victim of the December 1, 2018 shooting survived multiple gunshot wounds—two in the stomach, one in the leg, and one in the arm. For all of the foregoing reasons, Appellant cannot obtain relief on his challenge to his sentence. The trial court acted well within its permissible discretion in imposing 12 to 50 years of incarceration.

Next, Appellant challenges the sufficiency of the evidence in support of his convictions for attempted murder, aggravated assault, and all lesser

offenses involving his use of a firearm. Appellant argues the Commonwealth did not produce sufficient evidence to identify him as one of the shooters.

> Our standard when reviewing the sufficiency of the evidence is whether the evidence at trial, and all reasonable inferences derived therefrom, when viewed in the light most favorable to the Commonwealth as verdict-winner, are sufficient to establish all elements of the offense beyond a reasonable doubt. We may not weigh the evidence or substitute our judgment for that of the fact-finder. Additionally, the evidence at trial need not preclude every possibility of innocence, and the fact-finder is free to resolve any doubts regarding a defendant's guilt unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. When evaluating the credibility and weight of the evidence, the fact-finder is free to believe all, part or none of the evidence. For purposes of our review under these principles, we must review the entire record and consider all of the evidence introduced.

***Commonwealth v. Patterson***, 940 A.2d 493, 500 (Pa. Super. 2007), ***appeal denied***, 960 A.2d 838 (Pa. 2008).

The record, construed in light of these principles, reflects that several days before the first shooting, Appellant and Johnson exchanged Instagram messages about locating firearms. Cell phone data placed Appellant and Johnson in the vicinity of the shootings at the time they occurred. Appellant posted a picture of the interior of the stolen Acura on his Instagram account on the night of the first shooting. DNA recovered from a handgun used in both shootings implicated Appellant.

Thus, while the Commonwealth produced no direct evidence that Appellant was one of the shooters, the record contains circumstantial evidence which, viewed in a light most favorable to the Commonwealth, is more than

sufficient to establish Appellant's identity as one of the shooters. The Commonwealth may rely wholly on circumstantial evidence to carry its burden of proof at trial. *Commonwealth v. Bricker*, 882 A.2d 1008, 1015 (Pa. Super. 2005). It did so here, successfully.

With his third question presented, Appellant challenges his conviction for conspiracy to commit murder, arguing that there is no evidence he agreed with anyone to commit a murder. Again, we are mindful that the Commonwealth may carry its burden with evidence that his wholly circumstantial. "In most cases of conspiracy, it is difficult to prove an explicit or formal agreement; hence, the agreement is generally established via circumstantial evidence, such as by 'the relations, conduct, or circumstances of the parties or overt acts on the part of co-conspirators.'" *Commonwealth v. Johnson*, 985 A.2d 915, 920 (Pa. 2009) (**quoting** *Commonwealth v. Spotz*, 716 A.2d 580, 592 (Pa. 1998)). The Pennsylvania Crimes Code defines conspiracy as follows:

> (a) Definition of conspiracy.--A person is guilty of conspiracy with another person or persons to commit a crime if with the intent of promoting or facilitating its commission he:
>
> > (1) agrees with such other person or persons that they or one or more of them will engage in conduct which constitutes such crime or an attempt or solicitation to commit such crime; or
> >
> > (2) agrees to aid such other person or persons in the planning or commission of such crime or of an attempt or solicitation to commit such crime.

18 Pa.C.S.A. § 903. Murder is an intentional killing. 18 Pa.C.S.A. § 2502(a). To prove conspiracy, "the trier of fact must find that: 1) the defendant intended to commit or aid in the commission of the criminal act; 2) the defendant entered into an agreement with another to engage in the crime; and 3) the defendant or one or more of the other co-conspirators committed an overt act in furtherance of the agreed upon crime." *Johnson*, 985 A.2d at 920 (**quoting *Commonwealth v. Montalvo***, 956 A.2d 926, 932 (Pa. 2008)). Thus, to prove conspiracy to commit murder, the Commonwealth needed to prove that Appellant agreed with another person to commit an intentional killing and that one or more of the conspirators committed an overt act in furtherance of the crime.

The record establishes that the November 27, 2018 victims were injured as a result of a drive-by shooting involving the stolen Acura. As noted above, Appellant's fingerprints were recovered from the Acura and he posted a picture of the interior of the Acura on the night of November 27, 2018. DNA from the Glock .45 used in both shootings implicated Appellant and Johnson. These overt acts, construed in a light most favorable to the Commonwealth as verdict winner, are more than sufficient to establish that Appellant and Johnson conspired to commit murder.

With his fourth and final question presented, Appellant challenges his conviction for conspiracy to commit aggravated assault. Appellant does not explain how this argument is different in substance from the argument

pertaining to conspiracy to commit murder. Further, Appellant fails to support this argument with citation to pertinent authority and citation to the record. Therefore, he has waived it. Pa.R.A.P. 2119(b), (c); **Commonwealth v. Mulkin**, 228 A.3d 913, 917 (Pa. Super. 2020).

Because we have concluded that each of Appellant's arguments is lacking in merit or waived, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judge Bowes joins the memorandum.

Judge Dubow did not participate in the consideration or decision of this case.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/08/2024

- 10 -